# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAY 0 9 2007

JAMES N. HATTEN, Clerk
By: *[signature]*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DIANA HINES, <br>     Plaintiff <br><br> vs. <br><br> CENTRAL CREDIT SERVICES, INC., <br> NELSON, WATSON & ASSOCIATES, LLC, <br>     Defendants | ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO. <br> ) <br> ) **1 07 CV 1058** <br> ) JURY TRIAL <br> ) DEMANDED <br> )     -GET |

## COMPLAINT

Plaintiff Diana Hines, by and through counsel, brings this action against Defendants Central Credit Services, Inc. and Nelson, Watson & Associates, LLC on the grounds and in the amounts set forth herein.

## I. PRELIMINARY STATEMENT

1. This action arises out of the facts and circumstances surrounding the collection of a disputed debt.

2. Plaintiff, an individual consumer institutes this action for actual damages, statutory damages, and attorney fees and the costs of this action against the Defendants for violations of the Fair Debt Collection Practices Act (hereinafter FDCPA) 15 U.S.C. § 1692 *et seq.*

1

## II. PARTIES

3. Plaintiff Diana Hines is a natural person and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Central Credit Services, Inc. (hereinafter "CCS") is a foreign corporation engaged in the business of collecting debts in the state of Georgia.

5. Defendant CCS may be served in this action by its Registered Agent for Service of Process: Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

6. Defendant CCS is engaged in the business of collecting debts in the state of Georgia.

7. Defendant CCS is engaged in the collection of debts from consumers using the mail and telephone.

8. Defendant CCS regularly attempts to collect consumer debts alleged to be due to another.

9. Defendant CCS is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Defendant Nelson, Watson & Associates, LLC (hereinafter "NWA") is a Massachusetts Limited Liability Company in the business of collecting debts in the state of Georgia.

2

11. Defendant NWA may be served by its Registered Agent for Service of Process: National Registered Agents, Inc., 3761 Venture Drive, Duluth, Georgia 30096.

12. Defendant NWA is engaged in the business of collecting debts in the state of Georgia.

13. Defendant NWA is engaged in the collection of debts from consumers using the mail and telephone.

14. Defendant NWA regularly attempts to collect consumer debts alleged to be due to another.

15. Defendant NWA is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

16. Jurisdiction is conferred on this Court by 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

17. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## IV. STATUTORY STRUCTURE

18. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

19. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

20. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

21. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

22. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained, statutory damages up to $1,000, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

23. The Defendants have engaged in a campaign of debt collection abuse aimed at the Plaintiff Diana Hines.

24. The Defendants' were engaged in the collection of a consumer purpose debt owed by the Plaintiff to Wells Fargo Financial South Carolina for a consumer purpose loan (hereinafter "loan" or "debt").

25. Plaintiff opened the loan with Wells Fargo Financial South Carolina on March 26, 2003.

26. Plaintiff's loan went into default in December 2003 due to the Plaintiff's unexpected unemployment.

27. Upon information and belief, Wells Fargo Financial South Carolina sold, transferred or assigned the debt to Defendant CCS for collection.

28. On or about November 15, 2004, Defendant CCS telephoned the Plaintiff in an attempt to collect the debt.

29. On or about November 15, 2004, Defendant CCS, with the intent to deceive and mislead the Plaintiff, informed the Plaintiff that the loan was pending on the docket with a file number of 1366909.

30. On or about November 27, 2004, Plaintiff entered into a repayment agreement with Defendant CCS to payoff the debt in $100.00 monthly installments.

5

31. On or about November 27, 2004, Plaintiff provided Defendant CCS with post-dated checks for repayment of the debt.

32. Beginning in December 2004 and continuing monthly thereafter through October 2006, Plaintiff made $100.00 payments to Defendant CCS for repayment of the debt.

33. On or about May 23, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $4,265.96 and that her postdated check would be deposited on May 31, 2005.

34. On or about June 20, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $4,218.59 and that her postdated check would be deposited on June 30, 2005.

35. On or about July 21, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $4,168.83 and that her postdated check would be deposited on July 31, 2005.

36. On or about September 20, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $4,062.11 and that her postdated check would be deposited on September 30, 2005.

37. On or about October 21, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $4,005.18 and that her postdated check would be deposited on October 31, 2005.

38. On or about November 21, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,945.82 and that her postdated check would be deposited on November 30, 2005.

39. On or about December 20, 2005, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,884.11 and that her postdated check would be deposited on December 30, 2005.

40. On or about February 20, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,719.97 and that her postdated check would be deposited on February 28, 2006.

41. On or about March 20, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,684.56 and that her postdated check would be deposited on March 28, 2006.

42. On or about April 18, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,613.27 and that her postdated check would be deposited on April 28, 2006.

43. On or about May 18, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,593.58 and that her postdated check would be deposited on May 28, 2006.

44. On or about June 19, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,463.49 and that her postdated check would be deposited on June 28, 2006.

45. On or about July 18, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,385.03 and that her postdated check would be deposited on July 28, 2006.

46. On or about August 18, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,285.03 and that her postdated check would be deposited on August 28, 2006.

47. On or about October 18, 2006, Defendant CCS mailed the Plaintiff a letter stating that the balance owed on the debt was $3,135.24 and that her postdated check would be deposited on October 28, 2006.

48. On or about January 22, 2007, Defendant NWA mailed the Plaintiff written correspondence in an attempt to collect the debt.

49. On or about January 22, 2007, Defendant NWA, with the intent to deceive and misled, mailed written correspondence to the Plaintiff stating that the balance due on the debt was $5,061.77.

50. After the Plaintiff received the January 22, 2007, she suffered actual damages in the form of fear, anger, anxiety, emotional distress, frustration, amongst other negative emotions.

51. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, and frustration, amongst other negative emotions.

## VI. CAUSES OF ACTION

### A.  Defendant CCS

52. Defendant CCS violated the FDCPA ,15 U.S.C. §1692, *et seq*.

53. Defendant CCS violated the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

54. Defendant CCS violated the FDCPA by falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

55. Defendant CCS violated the FDCPA by using false representations and/or deceptive means to collect on a debt, in violation of 15 U.S.C. § 1692e(10).

56. Defendant CCS violated the FDCPA by attempting to collect an amount not permitted by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

57. As a result of the foregoing violations of the FDCPA, Defendant CCS is liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

### B. Defendant NWA

58. Defendant NWA violated the FDCPA, 15 U.S.C. § 1692, *et seq*.

59. Defendant NWA violated the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

60. Defendant NWA violated the FDCPA by falsely representing the amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

61. Defendant NWA violated the FDCPA by using false representations and/or deceptive means to collect on a debt, in violation of 15 U.S.C. § 1692e(10).

62. Defendant NWA violated the FDCPA by attempting to collect an amount not permitted by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

63. As a result of the foregoing violations of the FDCPA, Defendant NWA is liable to Plaintiff for actual damages, statutory damages, and attorney fees and costs in accordance with 15 U.S.C. § 1692k.

### VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diana Hines prays that judgment be entered against the Defendants for the following:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00 per defendant;

C. Attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a); and

D. Such other and further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all Issues.

Dated May 8, 2007.

                Respectfully submitted,

                LAW OFFICE OF LISA D. WRIGHT, LLC

                By: _____
                Lisa D. Wright
                Attorney for Plaintiff
                Georgia State Bar No. 268781

235 Peachtree Street, NE
Suite 888
Atlanta, Georgia 30303
404-588-1181 (Office)
404-588-1182 (Fax)